**COMMISSIONER OF INTERNAL REVENUE**
**v. NEAL et al.**
**No. 2780.**

Circuit Court of Appeals, First Circuit.

June 5, 1933.

J. P. Jackson, Sp. Asst. to Atty. Gen. (Sewall Key and Francis H. Horan, Sp. Assts. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Brooks Fullerton, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., on the brief), for Commissioner of Internal Revenue.

Wm. Harold Hitchcock, of Boston, Mass., for Neal and others.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

BINGHAM, Circuit Judge.

This is a petition by the Commissioner of Internal Revenue to review a decision of the Board of Tax Appeals holding that there was no deficiency in the income tax of the respondents, trustees of the First People's Trust, for the year 1924.

The First People's Trust was formed October 28, 1919, by a declaration of trust. It began business on January 1, 1920, and, before the time came for it to file an income tax return, submitted to the Commissioner of Internal Revenue the question of its taxable status. December 2, 1920, the Commissioner wrote a letter to William Harold Hitchcock, secretary of the People's Trust, in which the following appears:

"In distinguishing a trust from an association for the purpose of taxation, this office has held that the fact of actual control by the beneficiaries must in each case govern. It appears from the affidavit of William Harold Hitchcock, Secretary, that of a total issue of 19,411 first preferred, 19,411 second preferred, and 29,411 common shares that the trustees as individuals owned on September 8, 1920, an aggregate total of 96 first preferred, 96 second preferred, and 10,-056 common shares. It is the opinion of this office that the ownership of such an amount of shares by the trustees is not sufficient to

vest in them the actual control as beneficiaries. It is accordingly held that the First Peoples Trust is to be considered a trust for the purpose of Federal taxation."

Each year thereafter, including 1924, the respondents made out and filed an income tax return as a trust; and it was not until 1924 that they were notified that their organization was an association and subject to a capital stock tax; both the Commissioner and the respondents having until then considered the organization to be a trust and not an association.

On June 7, 1924, following the decision of the Supreme Court in Hecht v. Malley, 265 U. S. 144, 44 S. Ct. 462, 68 L. Ed. 949, of May 12, 1924, the Secretary of the Treasury approved and promulgated the following Treasury Decision (3598), which was first published June 16, 1924:

"To Collectors of internal revenue and others concerned:

"In order to give effect to the decision of May 12, 1924, by the United States Supreme Court in the case of Hecht v. Malley and in the other cases named therein (Nos. 99, 100, 101, and 119—October Term, 1923), article 7 of Regulations 50 (revised edition, approved June 21, 1920) and article 8 of Regulations 64 are amended so as to read as follows:

"Trusts.—Two distinct classes of trusts are recognized by the Department, namely, holding trusts and operating trusts.

"Holding trusts are those in which the trustees are merely holding property for the collection of the income and distributing it among the beneficiaries and are not engaged, either by themselves or in connection with the beneficiaries, in the carrying on of any business. Such trusts are not associations within the meaning of the law and are not subject to the tax.

"Operating trusts are those in which the trustees are not restricted to the mere collection of funds and paying them over to the beneficiaries but are associated together in much the same manner as directors in a corporation for the purpose of, and are actually engaged in, carrying on some business enterprise. These trusts, whether of the Massachusetts type or otherwise, are to be deemed associations within the meaning of the Act, independently of any control exercised by the beneficiaries, and subject to the tax.

"D. H. Blair,
"Commissioner of Internal Revenue.
"Approved June 7, 1924.
"A. W. Mellon, Secretary of the Treasury."

On August 11, 1924, the Commissioner of Internal Revenue promulgated Income Tax Ruling No. 2061, which reads as follows: "The general rule in regard to holding trusts and operating trusts which is announced in the decision of the Supreme Court of the United States in the case of Hecht v. Malley and in Treasury Decision 3598 (C. B. 111–1, 489) is applicable under all titles of the Revenue Acts of 1918 and 1920."

On July 9, 1924, the solicitor of internal revenue, by solicitor's memorandum 2291, ruled that the decision in Hecht v. Malley, supra, was applicable to the income tax provisions of the Revenue Acts of 1921 and 1924 (42 Stat. 227; 43 Stat. 253). This ruling was first published August 18, 1924.

Regulations 65, relating to income tax under the Revenue Act of 1924, was signed by D. H. Blair, Commissioner of Internal Revenue, and approved and promulgated by A. W. Mellon, Secretary of the Treasury, on October 6, 1924. Article 1504 of said Regulations reads as follows:

"Art. 1504. Association Distinguished From Trust.—Holding trusts, in which the trustees are merely holding property for the collection of the income and its distribution among the beneficiaries, and are not engaged, either by themselves or in connection with the beneficiaries, in the carrying on of any business, are not associations within the meaning of the law. The trust and the beneficiaries thereof will be subject to tax as provided in articles 341–347. Operating trusts, whether or not of the Massachusetts type, in which the trustees are not restricted to the mere collection of funds and their payments to the beneficiaries, but are associated together in much the same manner as directors in a corporation for the purpose of carrying on some business enterprise, are to be deemed associations within the meaning of the Act, regardless of the control exercised by the beneficiaries."

And article 1700 of the same Regulations and promulgated at the same time reads as follows:

"Art. 1700. Promulgation of Regulations.—In pursuance of the statute the foregoing regulations are hereby made and promulgated. All rulings inconsistent herewith are hereby revoked."

Under date of December 5, 1924, R. M. Estes, Deputy Commissioner of Internal Revenue, sent to the respondents a letter which reads in part as follows:

"The report of a field investigation made of your association by Internal Revenue

Agent G. K. Benson, in connection with capital stock tax, has been received in this office. It is noted therefrom that your association does not agree that it is an association liable for capital stock tax.

"The word 'association' is used in the Revenue Act of 1918 (40 Stat. 1057) in its ordinary meaning, and includes 'Massachusetts Trusts' having quasi-corporate organizations under which they are engaged in carrying on business enterprises, irrespective of the measure of control vested and exercised by the beneficiaries, as beneficial certificate holders.

"In a comparatively recent decision on this question in the case of Hecht et al., Trustees, v. Malley, the Supreme Court of the United States stated that the Revenue Act of 1918, levying a capital stock tax upon corporations, associations, joint stock companies and insurance companies, extends to 'organizations exercising the privilege of doing business as associations at the common law.'

"An examination of the declaration of trust of your association discloses that it is strictly a business enterprise and, as such, it is an association within the meaning of the Revenue Act of 1918, and liable for capital stock tax.

"In a letter dated November 5 from Mr. William H. Hitchcock, addressed to Joseph F. Timilty, Supervisor of Accounts and Collections, Boston, Massachusetts, which has been forwarded to this office, it is contended that your organization is not an association within the meaning of any statute in force since January 1, 1920, and that, therefore, it is not required to make capital stock tax returns or to pay capital stock tax. Accordingly, request is made for a hearing before final action is taken by this office.

"In view of the decision referred to above, there appears to be no question relative to the liability of your organization or reason why it should not file capital stock tax returns. A conference under the circumstances in so far as the liability of your organization to the tax is concerned, is not believed necessary. However, it is not the desire of this office to be arbitrary in the matter, and if a hearing is still desired, it will be granted if you will advise the approximate date which will be agreeable. * * * "

The respondents at once objected to the assessment of capital stock taxes as proposed in the letter mentioned, and requested a conference. Such a conference was held with the representatives of the Capital Stock Tax Division in Washington on December 17, 1924. At this conference, the respondents furnished certain information requested, but contended that they were not subject to a capital stock tax.

Under date of January 15, 1925, a tabulation of the computation of capital stock liability was sent to the respondents. March 25, 1925, notices were received by respondents from the Collector of Internal Revenue in Boston of the assessment of the taxes listed in the above tabulation, with a demand for payment. These taxes were paid by the respondents on April 4, 1925, under protest on the ground that the People's Trust was a trust and not an association. On September 29, 1927, the respondents filed a claim for refund of such taxes. Their claim for refund being rejected, they brought suit to recover these payments in the District Court for Massachusetts. It was there held that the First People's Trust was a trust, not an association, and judgment was entered for the plaintiffs (respondents here). On appeal to this court, the judgment below was reversed. We held that the First People's Trust was an association within the meaning of the Revenue Laws. United States v. Neal (C. C. A.) 28 F.(2d) 1022. Petition for certiorari was denied by the Supreme Court (278 U. S. 659, 49 S. Ct. 250, 73 L. Ed. 567).

On August 23, 1927, the Commissioner wrote to the Massachusetts collector a letter, a copy of which was forwarded to these respondents. It reviewed the status of the People's Trust; stated that it was an association, not a trust; as such was taxable on its income as a corporation; and expressly revoked the ruling of December 2, 1920. July 9, 1929, the respondents were notified of the determination of a deficiency in their tax liability for 1924 of $24,593.19. From this determination an appeal was taken to the Board of Tax Appeals, which held that there was no deficiency on the ground that the ruling of the Commissioner in 1920 that the organization was a trust was not revoked until August 23, 1927. This is the decision here under review.

The respondents admit that, if they are taxable as an association or corporation on their 1924 income, the determination of the deficiency was correct, but assert that the ruling of the Commissioner of December 2, 1920—that they were a trust and not an association—was not revoked until August 23, 1927, long after the time their return for 1924 was made. They seek relief from this determination of a deficiency by reason of

the provisions of section 704 (a) of the Revenue Act of 1928 (45 Stat. 880), which reads as follows:

Section 704: *"Taxability of Trusts as Corporations—Retroactive* •

"(a) If a taxpayer filed a return as a trust for any taxable year prior to the taxable year 1925 such taxpayer shall be taxable as a trust for such year and not as a corporation, if such taxpayer was considered to be taxable as a trust and not as a corporation either (1) under the regulations in force at the time the return was made or at the time of the termination of its existence, or (2) under any ruling of the Commissioner or any duly authorized officer of the Bureau of Internal Revenue applicable to any of such years, and interpretive of any provision of the Revenue Act of 1918, 1921, or 1924, which had not been reversed or revoked prior to the time the return was made. * * * "

█ That there was no letter or notice in terms revoking the ruling of December 2, 1920, until August 23, 1927, is admitted. But this is not controlling. The Commissioner may revoke a ruling affecting a taxpayer as to a specific matter if he makes a later ruling which places the taxpayer in a different position in relation to that matter.

Under section 704 (a) as applied to this case, two questions arise: (1) Did the rulings or regulations of the Bureau of Internal Revenue promulgated in 1924 apply to these respondents and affect the status of their organization in a different way than the ruling of December 2, 1920? And (2) were they so promulgated that the respondents knew or should have known of them prior to March 7, 1925, the time their tax return was filed?

██ In the letter of December 2, 1920, the Commissioner ruled that "in distinguishing a trust from an association for the purpose of taxation, * * * the fact of actual control by the beneficiaries must in each case. govern," and, finding that the First People's Trust was not in actual control of the beneficiaries, he considered it a trust for the purpose of federal taxation. In the Decision promulgated June 7, 1924, published June 16, 1924, relating to taxes on capital stock, and in Regulations 65, art. 1504, promulgated October 6, 1924, relating to taxes on income and presumably based upon the Decision, the distinction drawn between a trust and an association for the purposes of taxation was that an organization is a trust if the trustees are "merely holding property for the collection of income and its distribu-

tion among the beneficiaries and are not engaged * * * in the carrying on of any business," while an association is where the trustees are not so restricted "but are associated together in much the same manner as directors in a corporation for the purpose of, and are actually engaged in, carrying on some business enterprise, * * * independently of any control exercised by the beneficiaries." And article 1700 of Treasury Regulations 65 explicitly gave notice that "all rulings inconsistent herewith are hereby revoked." The above Decision and the Regulations are plainly inconsistent with the ruling of December 2, 1920—that "the fact of actual control by the beneficiaries must in each case govern"—and amount to a revocation of it if the taxpayer had notice of the inconsistent provisions of the Decision and Regulations. -

These were regulations of a department of government, and, in so far as they were not in conflict with statutory provisions or the meaning of them as construed by the courts, had the force and effect of law. Maryland Casualty Co. v. United States, 251 U. S. 342, 349, 40 S. Ct. 155, 64 L. Ed. 297. The substance of the Decision and Regulations was undoubtedly known to the respondents before March 7, 1925. As stated above, the Deputy Commissioner, in his letter of December 5, 1924, to these respondents, said that: "The word 'association' is used in the Revenue Act of 1918 in its ordinary meaning, and includes 'Massachusetts Trusts' having quasi-corporate organizations under which they are engaged in carrying on business enterprises, irrespective of the measure of control vested and exercised by the beneficiaries, as beneficial certificate holders." He then called their attention to the recent decision of Hecht v. Malley and further stated: "An examination of the declaration of trust of your association discloses that it is strictly a business enterprise and, as such, it is an association within the meaning of the Revenue Act of 1918, and liable for capital stock tax." This was followed on December 17, 1924, by a conference at which the matter was discussed. It is unbelievable that during this conference and the later negotiations up to March 7, 1925, this Decision and the new Regulations were not specifically brought to their attention. It is clear that their substance was. They therefore must be deemed to have known prior to March 7, 1925, that the test or ruling under which they had been held to be a trust had been revoked; that a new test had been established which, as ap-

plied to them, put them in the category of an association instead of a trust.

The decision of the Board of Tax Appeals is reversed, and the case is remanded to that Board, with directions to affirm the determination of the Commissioner in finding a deficiency tax.

MORTON, Circuit Judge.

I concur in the result, for the reason that the Deputy Commissioner's letter of December 5, 1924, constituted in my opinion an express revocation of the ruling (in the Commissioner's letter of December 2, 1920) relied on by the appellees, respondents on review. I doubt whether a specific ruling can be said to be "reversed" or "revoked" under section 704 (a), Revenue Act 1928 (26 US CA § 2704 (a), (which is quoted in the majority opinion), by a change in the general practice or views of the Department, even though such change be known to the person in whose favor the ruling was made.